UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:  Chapter 7

Scott James Ferrozzo,  Case No. 01-30128 GFK

                        Debtor.

_____

Nauni Jo Manty, Chapter 7 Trustee for
the Bankruptcy Estate of
Scott James Ferrozzo,

                        Plaintiff,  **COMPLAINT TO DENY DISCHARGE**

v.

                                              Adv. Proc. No. _____

Scott James Ferrozzo,

                        Defendant.

_____

      Nauni Jo Manty, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Scott James Ferrozzo, hereby complains and alleges against Scott James Ferrozzo ("Ferrozzo"), an individual, as follows:

**JURISDICTION AND VENUE**

      1.     This adversary proceeding is brought pursuant to Bankruptcy Rule 7001, et seq., and 11 U.S.C. § 727.

      2.     Jurisdiction of this Court is based upon 28 U.S.C. §§ 157 and 1334. Venue is based upon 28 U.S.C. § 1409(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

      3.     Plaintiff has standing to prosecute this complaint pursuant to 11 U.S.C. § 727(c)(1).

#54068

4. This adversary proceeding relates to the Chapter 7 bankruptcy case of Scott James Ferrozzo, Case No. 01-30128-GFK, presently pending in the United States Bankruptcy Court for the District of Minnesota.

5. The Trustee is the duly appointed and acting Chapter 7 Trustee in Ferrozzo's bankruptcy case, having been appointed on or about March 13, 2001.

6. On January 10, 2001, the Debtor filed a petition seeking relief under Chapter 13 of the Bankruptcy Code. The case was converted to a case under Chapter 7 of the Bankruptcy Code on March 13, 2001, and the Trustee was appointed to administer the estate.

7. The purpose of this complaint is to obtain a denial of the discharge of Ferrozzo in this Chapter 7 bankruptcy proceeding.

8. The allegations herein are based upon Ferrozzo's failure to disclose the location and value of non-exempt property of the estate upon proper demand by the Trustee, transfers of property within one year before the date of the filing of the bankruptcy petition with the intent to hinder, delay or defraud a creditor, failure to keep or preserve recorded information from which his financial condition might be ascertained, Ferrozzo's knowing and fraudulent false oath relating to his property or financial affairs in connection with his bankruptcy petition and schedules, and Ferrozzo's sale and concealment of non-exempt assets post-petition and post-conversion, with the intent to hinder, delay and defraud the Trustee, and Ferrozzo's commission of certain or all of these acts on or within one year before the date of the filing of his petition or during his case.

9. Ferrozzo failed to list all of his assets in his bankruptcy schedules.

#54068

10. The Debtor contacted Darrah's Auction Center and arranged for the liquidation of unscheduled, non-exempt property after he filed for bankruptcy.

11. Both pre- and post-petition, the Debtor transferred unscheduled, non-exempt property, including his interest in motor vehicles and motorcycles to Peter Fuchs and/or the Auto Depot for less than fair value.

12. The Trustee has demanded turnover of, or information regarding the location of, two 1929-A Thompson submachine guns ("the Submachine Guns"), but Ferrozzo has failed to turn over the Submachine Guns or provide information regarding their present location.

13. Upon information and belief, the Submachine Guns have been transferred to unidentified third parties.

14. The Trustee has demanded Certificates of Authenticity or purchase information for three baseballs, one of which was valued in the bankruptcy schedules at $18,000, but Ferrozzo has failed to provide the information. Without verification of the value of these assets, the Trustee is unable to successfully liquidate the assets at a reasonable price for the benefit of unsecured creditors.

## FIRST CLAIM FOR RELIEF

## 11 U.S.C. § 727(a)(2)(A) and (B)

16. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 15 inclusive of this complaint and incorporates the same by this reference as though fully set forth herein.

17. Trustee is informed and believes that Ferrozzo, with intent to hinder, delay or defraud creditors of this estate, transferred property of Ferrozzo, within one year before the date of the filing of the petition in the following manner:

      a.        By arranging to have non-exempt assets sold at auction.

      b.        By transferring his interest in non-exempt motor vehicles and motorcycles to the Auto Depot and Peter Fuchs;

      c.        By transferring his interest in non-exempt jewelry to Peter Fuchs;

      d.        By transferring his interest in the Submachine Guns to unidentified third parties.

18. Ferrozzo transferred his interest in the property and his personal property to the Auto Depot, Peter Fuchs and other third parties for less than fair consideration.

19. The transfers of the aforementioned assets were made within one year before the date of the filing of the petition or after the date of the petition and with the intent to hinder, delay and defraud creditors of this bankruptcy estate. By virtue of the aforementioned transfers, Ferrozzo's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A).

## SECOND CLAIM FOR RELIEF

## 11 U.S.C. § 727(a)(3)

20. The Trustee reavers each and every statement contained in paragraphs 1 through 19 above.

21. Ferrozzo has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information critical to ascertaining Ferrozzo's financial condition and business affairs.

22. The Trustee alleges that such acts or failure to act were willful, intentional and not justified under the circumstances of the case. Rather, such acts or failure to act were taken by Ferrozzo with the intent of precluding a full and thorough investigation of Ferrozzo and his financial affairs over the last several years. By virtue of the aforementioned acts or failure to act, Ferrozzo's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

#54068

## THIRD CLAIM FOR RELIEF

## 11 U.S.C. § 727(a)(4)(A) and (D)

23. The Trustee hereby restates and realleges paragraphs 1 through 22 of this Complaint.

24. Ferrozzo made a false oath or account both on his petition and schedules relating to his property or financial affairs.

25. Because Ferrozzo knowingly, willfully and fraudulently made a false oath or account relating to his property or financial affairs, Ferrozzo's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

26. Because Ferrozzo has withheld from an officer of the estate entitled to possession under this title recorded information, including books, documents, records, and papers, relating to Ferrozzo's property or financial affairs, Ferrozzo's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(D).

WHEREFORE, the Trustee prays for judgment as follows:

1. For an Order which denies the Debtor, Scott James Ferrozzo, his discharge in bankruptcy.

2. For Trustee's costs and disbursements incurred herein.

3. For reasonable attorneys' fees incurred herein; and,

4. For such other and further relief as the Court deems just and equitable.

Dated: August 6, 2002.

BLACKWELL IGBANUGO ENGEN & SAFFOLD P.A.

/s/ Nauni Jo Manty
Nauni Jo Manty (#230352)
Margaret H. Culp (#180609)
3601 West 76th Street, Suite 250
Minneapolis, MN 55435
(952) 664-0400

ATTORNEYS FOR TRUSTEE

# VERIFICATION

I, Nauni Jo Manty, Chapter 7 Trustee, declare that the facts incorporated by reference in the Complaint are true and correct to the best of my information, knowledge and belief.

Dated this 6th day of August, 2002.

                                                /s/ Nauni Jo Manty
                                                  Nauni Jo Manty